1    David T. Biderman, Bar No. 101577
     DBiderman@perkinscoie.com
2    Aaron R. Goldstein, Bar No. 239423
     AGoldstein@perkinscoie.com
3    PERKINS COIE LLP
     1888 Century Park E., Suite 1700
4    Los Angeles, CA 90067-1721
     Telephone: 310.788.9900
5    Facsimile: 310.843.1284

6    Attorneys for Defendant
     CALIBER HOME LOANS, INC.
7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   SUZANNE BORNHAUSER, | Case No. |
| 12             Plaintiff, | **CALIBER HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| 13      v. | |
| 14 | **[FED. R. CIV. P. 12(b)(6) and 12(b)(7)]** |
| 15   JACKSONVILLE POST CLOSING; BANK OF AMERICA; CALIBER HOME LOANS INC., Does 1 To 20, Inclusive, | *Filed with Request for Judicial Notice and [Proposed] Order* |
| 16 | |
| 17           Defendants. | Date:          Monday, March 21, 2016 |
| 18 | Time:         1:30 p.m. |
| 19 | Courtroom:   16<br>Judge:        Hon. John F. Walter |
| 20 | |

21

22         **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF**

23 **RECORD:**

24          PLEASE TAKE NOTICE that on March 21, 2016, at 1:30 p.m. in Courtroom

25 16 of the United States District Court for the Central District of California, located

26 at 312 North Spring Street, 2nd Floor, Los Angeles, California 90012, CALIBER

27 HOME LOANS, INC. ("Caliber") will, and hereby does, move, pursuant to Federal

28 Rule of Civil Procedure 12(b)(6), for an Order dismissing all claims against it.

1  Defendant also moves pursuant to Federal Rule of Civil Procedure 12(b)(7) for an
2  order dismissing the action for Plaintiff's failure to join an indispensable party.

3      This Motion is based on this Notice of Motion and Motion, the attached
4  Memorandum of Points and Authorities, the concurrently filed Request for Judicial
5  Notice, all pleadings and papers on file in this action, and such other and further
6  matters as the Court may consider.

7      This Motion is also brought following counsel for Caliber's good faith effort
8  to meet and confer with Plaintiff, in accordance with Civil Local Rule 7-3.  Counsel
9  for Caliber met and conferred with Plaintiff's counsel prior to the filing of this
10 Motion.  An informal resolution could not be reached.

11
12 DATED: February 16, 2016            **PERKINS COIE LLP**

13                                     By: */s/ Aaron R. Goldstein*
14                                         Aaron R. Goldstein, Bar No. 239423
                                           AGoldstein@perkinscoie.com
15
                                       Attorneys for Defendant
16                                     CALIBER HOME LOANS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................ 1

III. ARGUMENT ................................................................................................ 2

  A.   Standard for a Motion to Dismiss ..................................................... 2

  B.   The Complaint Should Be Dismissed For Failure to Allege A
       Willingness and Ability to Tender the Amounts Owed ...................... 4

  C.   Plaintiff Fails to State a Claim Upon Which Relief Can Be
       Granted With Respect to Each Cause of Action Alleged Against
       Caliber ............................................................................................. 5

       1.   Plaintiff Fails to State a Claim for Violation of the
            Homeowner's Bill of Rights ..................................................... 5

       2.   Plaintiff Fails to State a Claim for Promissory Estoppel ........... 6

       3.   Plaintiff Fails to State a Claim for Violation of Business
            and Professions Code § 17200 .................................................. 7

       4.   Plaintiff Fails to State a Claim for Negligence .......................... 9

       5.   Plaintiff Fails to State a Claim for Declaratory and
            Injunctive Relief .................................................................... 10

            a.   Plaintiff has not alleged a cause of action for
                 injunctive relief ............................................................ 10

            b.   Plaintiff has not alleged a cause of action for
                 declaratory relief .......................................................... 10

  D.   The Complaint Should Be Dismissed for Failure to Join an
       Indispensable Party ......................................................................... 11

  E.   Plaintiff's Complaint Should Be Dismissed Without Leave to
       Amend Because Leave to Amend Would be Futile ............................ 12

IV.  CONCLUSION ........................................................................................... 13

# TABLE OF AUTHORITIES

Page

CASES

*Abdallah v. United Savs. Bank,*
   43 Cal. App. 4th 1101 (1996)...................................................................1

*Aguilar v. Int'l Longshoremen's Union Local #10,*
   966 F.2d 443 (9th Cir. 1992)...................................................................1

*Alicea v. GE Money Bank,*
   Case No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal.
   July 16, 2009) .........................................................................................1

*Arnolds Mgmt. Corp. v. Eischen,*
   158 Cal. App. 3d 575 (1984)...................................................................1

*Ashcroft v. Iqbal,*
   129 S.Ct. 1937 (2009) ............................................................................1

*Baskin Distrib., Inc. v. Pittway Corp.,*
   No. 96-35882, 1998 WL 101691 (9th Cir. Mar. 9, 1998).......................1

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ...............................................................................1

*Bernardo v. Planned Parenthood Fed. of America,*
   115 Cal. App. 4th 322 (2004)..................................................................1

*Cal. Dept. of Toxic Substances v. Payless Cleaners,*
   368 F. Supp. 2d 1069 (E.D. Cal. 2005)...................................................1

*Castaneda v. Saxon Mortg. Servs.,*
   687 F. Supp. 2d 1191 (E.D. Cal. 2009)...................................................1

*Chang v. Chen,*
   80 F.3d 1293 (9th Cir. 1996)...................................................................1

*Durning v. First Boston Corp.,*
   815 F.2d 1265 (9th Cir. 1987)..................................................................1

*Garcia v. Brownell,*
   236 F.2d 356 (9th Cir. 1956)...................................................................1

-i-

1

2

# TABLE OF AUTHORITIES
## (continued)

**Page**

3

4

*Garcia v. Ocwen Loan Servicing, LLC*,
   183 Cal. App. 4th 1031, 1039 (2010)....................................................1

5

6

*Glen Holly Entm't Inc. v. Tektronix Inc.*,
   343 F.3d 1000 (9th Cir. 2003), *amended by* 352 F.3d 367 (9th Cir.
   2003) .............................................................................................1

7

8

*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149,
   1154 (2011)...........................................................................................1

9

10

*Karlsen v. American Sav. & Loan Ass'n*,
   15 Cal. App. 3d 112 (1971) ..................................................................1

11

12

*Khoury v. Maly's of California, Inc.*,
   14 Cal. App. 4th 612, 619 (1993)..........................................................1

13

14

*Krantz v. BT Visual Images*,
   89 Cal. App. 4th 164 (2001) .................................................................1

15

16

*Kruse v. Bank of Am.*,
   202 Cal. App. 3d 38 (1988) ..................................................................1

17

18

*Laks v. Coast Fed. Sav. & Loan Assn.*,
   60 Cal. App. 3d 885 (1976) ..................................................................1

19

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ................................................................1

20

21

*Madrid v. Perot Systems Corp.*,
   130 Cal. App. 4th 440 (2005)................................................................1

22

23

*Mangindin v. Washington Mutual Bank*,
   637 F.Supp.2d 700 (N.D. Cal. 2009).....................................................1

24

25

*Marin v. Lowe*,
   8 F.3d 28 (9th Cir. 1993) ......................................................................1

26

27

*Maryland Cas. Co. v. Pac. Coal & Oil Co.*,
   312 U.S. 270 (1941) ..............................................................................1

28

NOTICE OF MOTION AND MOTION TO DISMISS
70329-0297/129176186.2

1

2

# TABLE OF AUTHORITIES
## (continued)

Page

3

4

*McShan, et al. v. Sherrill, et al.,*
   283 F.2d 462 (1960) ...................................................................... 1

5

6

*Melegrito v. CitiMortgage Inc.,*
   2011 WL 2197534 (N.D. Cal. June 6, 2011) ............................... 1

7

8

*Mendoza v. City of Los Angeles,*
   66 Cal. App. 4th 1333 (1998) ....................................................... 1

9

*Nymark v. Heart Fed. Sav. & Loan Assn.,*
   231 Cal. App. 3d 1089 (1991) ...................................................... 1

10

11

*Oaks Mgmt. Corp. v. Superior Court,*
   145 Cal. App. 4th 453 (2006) ....................................................... 1

12

13

*Pareto v. F.D.I.C.,*
   139 F.3d 696 (9th Cir. 1998) ........................................................ 1

14

15

*Principal Life Ins. Co. v. Robinson,*
   394 F.3d 665 (9th Cir. 2005) ........................................................ 1

16

17

*Puentes v. Wells Fargo Home Mortg., Inc.,*
   160 Cal. App. 4th 638 (2008) ....................................................... 1

18

19

*San Francisco Unified Sch. Dist v. W.R. Grace & Co.,*
   37 Cal. App. 4th 1318 (1995) ....................................................... 1

20

21

*Scripps Clinic v. Superior Court,*
   108 Cal. App. 4th 917 (2003) ....................................................... 1

22

*Simila v. American Sterling Bank,*
   2010 WL 3988171 (S.D. Cal. Oct. 12, 2010) ............................... 1

23

24

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2009) ........................................................ 1

25

26

*State of California v. State of Arizona, et al.,*
   440 U.S. 59 (1979) ........................................................................ 1

27

28

*State of Washington v. United States,*
   87 F.2d 421 (1936) ........................................................................ 1

-iii-

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ......................................................................... 1

*United States Cold Storage of California v. Great W. Savings & Loan
   Ass'n*, 165 Cal. App. 3d 1214 (1985) ........................................................... 1

*United States v. Washington*,
   759 F.2d 1353 (9th Cir.1985) ......................................................................... 1

*W. Mining Council v. Watt*,
   643 F.2d 618 (9th Cir. 1981) ......................................................................... 1

**STATUTES**

28 U.S.C. § 2201 (Declaratory Judgment Act) .................................................. 1

Cal. Bus. & Prof. Code § 17200 ......................................................................... 1

Cal. Bus. & Prof. Code § 17200 et seq. .............................................................. 1

Cal. Bus. & Prof. Code § 17204 ......................................................................... 1

Cal. Civ. Code § 2923.6(c) ................................................................................. 1

Cal. Civ. Code § 2923.6(c)(1) ............................................................................ 1

Cal. Civ. Code § 2923.6(d) ................................................................................. 1

**RULES**

Fed. R. Civ. Proc. 12(b)(6) ................................................................................. 1

Fed. R. Civ. Proc. 12(b)(7) ................................................................................. 1

Fed. R. Civ. Proc. 19 .......................................................................................... 1

Fed. R. Civ. Proc. 19(a) ..................................................................................... 1

Fed. R. Civ. Proc. 19(a)(1)(i) ............................................................................. 1

Fed. R. Civ. Proc. 19(a)(1)(ii) ............................................................................ 1

-iv-

# TABLE OF AUTHORITIES
## (continued)

Page

**OTHER AUTHORITIES**

5 Witkin, Cal. Procedure (5th ed.)................................................................ 1

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Caliber Home Loans, Inc. ("Caliber") hereby submits its memorandum of points and authorities in support of its motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) to dismiss the Complaint filed by Plaintiff Suzanne Bornhauser ("Plaintiff") and each and every cause of action brought against Caliber therein.

## I.    INTRODUCTION

Plaintiff borrowed $1,000,000.00 secured against property in Westlake Village, California, in August 2007.  Plaintiff asserts that she was inexplicably instructed in February 2014 to stop making her loan payments so that she would be eligible for a loan modification.  Plaintiff further alleges that—despite receiving a mortgage statement indicating the balance due on her loan—she was instructed again in December 2014 not to make payments on her loan.  Plaintiff was denied for a loan modification in July 2015.  Plaintiff asserts that she is unaware of her loan modification status.  Plaintiff now ask for monetary damages and injunctive relief in hopes of preventing a non-judicial foreclosure sale.  For the reasons set forth herein, Caliber requests that the Court grant its motion to dismiss without leave to amend.

## II.    STATEMENT OF FACTS

On or about August 3, 2007, Plaintiff and a co-borrower, Charles Bornhauser, borrowed $1,000,000 from Bank of America National Banking Association (the "Loan"), which was secured by a Deed of Trust recorded against 2104 Glastonbury Road, Westlake Village, California 91361 (the "Property").  (*See* Request for Judicial Notice, "RJN" Ex. A.)  Plaintiff alleges that in approximately February 2014, she applied for a loan modification with Defendant Bank of America ( "BANA").  (Complaint ¶ 13.)  According to Plaintiff, BANA instructed her not to make at least 2 to 3 loan payments on her mortgage so that she would be eligible for a loan modification.  (*Id.* ¶ 14.)  Plaintiff and her co-borrower defaulted

on the loan, and, as a result of the default, nonjudicial foreclosure proceedings commenced.  On June 20, 2014, a Notice of Default was recorded in the Ventura County Recorder's Office.  (RJN Ex. B.)  On September 22, 2014, a Notice of Default and Election to Sell Under Deed of Trust was recorded.  (RJN Ex. D.)

On August 12, 2015, an Assignment of Deed of Trust was recorded in Ventura County, California concerning the transfer of Plaintiff's loan from BANA to U.S. Bank Trust, N.A., as Trustee of LSF9 Master Participation Trust.  (RJN Ex. F.)  Plaintiff alleges that she was notified in May 2015 of the transfer.  (Complaint ¶ 19.)  On June 22, 2015, a Notice of Trustee's Sale was recorded in the Ventura County Recorder's Office.  (RJN Ex. E; Complaint ¶ 20.)  Plaintiff alleges that she completed a second loan modification application and submitted it to Caliber on or about June 24, 2015 (Complaint ¶ 20), *after* the Notice of Trustee's Sale was recorded.  Plaintiff was informed on or about July 14, 2015 that her loan modification was denied and that her home would be sold.  (*Id.* ¶ 23.)  She has appealed the denial.  (*Id.*)

Plaintiff filed this action on December 1, 2015, seeking monetary and injunctive relief.  She filed her First Amended Complaint on February 1, 2016.

## III.   ARGUMENT

### A.   Standard for a Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  To survive a motion to dismiss, a plaintiff must do more than assert "threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009).  A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. 1949.  Although "[t]he plausibility standard is not akin to a 'probability requirement," the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly*, 550 U.S. 556.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Ashcroft*, 129 S. Ct. 1949 (assumption of truth does not apply to "legal conclusions couched as a factual allegation."); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2009); and *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, when evaluating the adequacy of a complaint, the court may consider exhibits submitted with the complaint or those that are subject to judicial notice, without converting a motion to dismiss into a motion for summary judgment.  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

Plaintiff's Complaint contains only conclusory allegations, and is devoid of factual content from which any reasonable inference may be drawn that Caliber is responsible for the misconduct alleged and Caliber should be dismissed without leave to amend.

NOTICE OF MOTION AND MOTION TO DISMISS
70329-0297/129176186.2

**B.**     **The Complaint Should Be Dismissed For Failure to Allege A Willingness and Ability to Tender the Amounts Owed**

While this motion addresses the defects set forth in the Complaint, it is imperative to note at the outset that Plaintiff's arguments are further undercut by her inability to satisfy California's "Tender Rule."

It is well established that a debtor cannot challenge foreclosure proceedings without first alleging tender: "When a debtor is in default of a home mortgage loan, and *a foreclosure is either pending or has taken place*, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, Case No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (emphasis added); *see also United States Cold Storage of California v. Great W. Savings & Loan Ass'n*, 165 Cal. App. 3d 1214, 1222 (1985).

Furthermore, the tender requirement also extends to any claim "implicitly integrated" with the foreclosure sale. *See Abdallah v. United Savs. Bank*, 43 Cal. App. 4th 1101, 1109 (1996). A cause of action is "implicitly integrated" with the foreclosure sale if it challenges and/or seeks damages relating to any aspect of the foreclosure process. *Id.*; *see also Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 579-80 (1984); *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121 (1971).

Plaintiff challenges the foreclosure proceedings and Caliber's authority to foreclose. (*See generally*, Complaint.) However, Plaintiff fails to allege tender on the indebtedness of the Loan. (*See id.*) Without alleging that she is willing and able to tender the full amount of the indebtedness on the loan, Plaintiff does not have standing to challenge the foreclosure proceedings or seek equitable relief in connection therewith. The fact that Plaintiff has admitted that she has not made payments on her loan since at least February 2014, clearly indicates that she is not able to tender the amounts owed at this time. Moreover, Plaintiff does not dispute

the fact that she defaulted on the loan. (*See generally*, Complaint.) Rather, she simply indicates that she was denied for a loan modification and that she tried to save her home. Nor do any of the exceptions to the tender rule apply. For this reason alone, each of Plaintiff's claims should be dismissed.

**C.   Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted With Respect to Each Cause of Action Alleged Against Caliber**

Based on Plaintiff's threadbare allegations against Caliber, Plaintiff brings seven causes of actions against "all name[d] defendants" for (1) Violation of the Homeowner's Bill of Rights; (2) Promissory Estoppel; (3) Violation of Business and Professions Code § 17200; (4) Negligence; and (5) Declaratory and Injunctive Relief.

**1.   Plaintiff Fails to State a Claim for Violation of the Homeowner's Bill of Rights**

Plaintiff alleges that Caliber violated the Homeowner's Bill of Rights' ("HBOR") "dual tracking" provision codified in Cal. Civ. Code § 2923.6(c). (*See* Complaint at ¶¶ 27-34.) However, Plaintiff fails to allege any factual support that would trigger any right under the statute.

The HBOR precludes a mortgage servicer from dual tracking, or in other words, proceeding with foreclosure while reviewing a borrower for a loan modification. A servicer may not record a notice of default or notice of sale or complete a trustee's sale if a borrower has submitted a <u>complete</u> application for a first lien loan modification and if the <u>complete</u> first lien loan modification application is still pending (e.g., where the servicer has not provided a written denial). Civ. Code § 2923.6(c). Once a servicer provides written denial of the loan modification and the time to appeal the loan modification decision expires, a servicer may recommence foreclosure. See Civ. Code § 2923.6(c)(1) (a servicer shall not proceed with or complete a foreclosure sale until "the mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan

-5-

modification, and any appeal period pursuant to subdivision (d) has expired.").
Civ. Code § 2923.6(d) affords a borrower thirty days to appeal an adverse
modification decision.

Plaintiff alleges she submitted a loan modification application on June 24,
2015, *after* the October 16, 2015 Notice of Trustee's Sale was recorded.  (*See* RJN
Ex. E.)  Moreover, Plaintiff admits that the application was deemed incomplete.
(Complaint ¶ 21.)  Thus, on these facts alone, Plaintiff has failed to state a claim
under the HBOR.  Aside from these fatal flaws, there is no evidence that a sale has
gone forward, and the purported submission took place <u>after</u> the recordation of the
Notice of Trustee's Sale; thus, there is no violation of the "dual tracking" statute.

### 2.    Plaintiff Fails to State a Claim for Promissory Estoppel

To state a claim for promissory estoppel, a plaintiff must allege: "(1) a
promise clear and unambiguous in its terms; (2) reliance by the party to whom the
promise is made; (3) her reliance must be both reasonable and foreseeable; and (4)
the party asserting the estoppel must be injured by her reliance."  *Laks v. Coast
Fed. Sav. & Loan Assn.*, 60 Cal. App. 3d 885, 890 (1976).  The promise cannot be
vague, general, or of indeterminate application.  *Aguilar v. Int'l Longshoremen's
Union Local #10*, 966 F.2d 443, 446 (9th Cir. 1992).  It also "must be definite
enough that a court can determine the scope of the duty, and the limits of
performance must be sufficiently defined to provide a rational basis for the
assessment of damages."  *Glen Holly Entm't Inc. v. Tektronix Inc.*, 343 F.3d 1000,
1017 (9th Cir. 2003), *amended by* 352 F.3d 367 (9th Cir. 2003) (quoting *Ladas v.
Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993)).

As an initial matter, Plaintiff fails to allege specific facts regarding
unambiguous promises that were made, and by whom.  Furthermore, to the extent
that Plaintiff was hopefully relying on a permanent modification to prevent
foreclosure, California courts have uniformly held that similar alleged
representations cannot support a claim for promissory estoppel.  *See Kruse v. Bank*

-6-

1   *of Am.*, 202 Cal. App. 3d 38, 59 (1988) ("[A] hopeful expectation that a loan

2   agreement would eventually be reached was simply that: an expectation. The

3   Bank's manifestation of assent never materialized; and no agreement was ever

4   formed."); *see also Garcia v. Ocwen Loan Servicing, LLC*, 183 Cal. App. 4th 1031,

5   1039 (2010) ("[A] gratuitous oral promise to postpone a foreclosure sale or to allow

6   a borrower to delay monthly mortgage payments is unenforceable.").

7        Additionally, Plaintiff's claim is barred by the statute of frauds.  *Cf. Baskin*

8   *Distrib., Inc. v. Pittway Corp.*, No. 96-35882, 1998 WL 101691, at \*3 (9th Cir.

9   Mar. 9, 1998) ("[U]nder California law, this court has held that promissory estoppel

10  cannot render an oral promise otherwise within the statute of frauds enforceable.");

11  *Melegrito v. CitiMortgage Inc.*, 2011 WL 2197534, at \*13 (N.D. Cal. June 6, 2011)

12  (Dismissing plaintiff's claim for promissory estoppel because, among other things,

13  "the alleged promise to modify [plaintiff's] original loan is subject to the statute of

14  frauds.")  For all of the foregoing reasons, Plaintiff has failed to allege a cause of

15  action against Caliber for promissory estoppel.

16
17      **3.**    **Plaintiff Fails to State a Claim for Violation of Business and Professions Code § 17200**

18       Plaintiff conclusorily alleges that Caliber violated California's Unfair

19  Competition law, Cal. Bus. Prof. Code §17200 et seq. ("UCL"), by virtue of the

20  conduct alleged in her other causes of action.  To state a claim under the UCL,

21  Plaintiff must allege that Caliber engaged in an "unlawful, unfair or fraudulent

22  business act or practice" as a result of which Plaintiff suffered an "injury in fact"

23  and "lost money or property."  *See* Bus. & Prof. Code § 17204; *Bernardo v.*

24  *Planned Parenthood Fed. of America*, 115 Cal. App. 4th 322 (2004).  A UCL claim

25  is predicated entirely upon a violation of another statutory or common law.  Thus, a

26  UCL claim stands or falls "depending on the fate of antecedent substantive causes

27  of action." *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001).  Plaintiff

28  predicates her UCL claim on the same allegations and theories which fail to state

any other viable legal claim.  As discussed above, Plaintiff's theories have been repeatedly rejected by the California courts and cannot provide the basis for a valid claim against Caliber.

"When the Legislature has permitted certain conduct, 'courts may not override this determination," by declaring such conduct actionable under ... section 17200.'"  *Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 644 (2008) (citing *California Med. Assn v. Aetna US Healthcare, Inc.*, 94 Cal. App. 4th 151, 169 (2001)).  In this case, Caliber has fully complied with the California non-judicial foreclosure statutory scheme, and nothing but conclusory allegations have been presented to the contrary.  Moreover, California prohibits requirements of judicial proof in a nonjudicial foreclosure.  *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (2011) (holding that there is no legal authority to initiate a lawsuit under the nonjudicial foreclosure scheme).

Further, to whatever extent Plaintiff attempts to bring claims under the UCL's "unfair" or "fraudulent" prong, this claim is inadequately pled.  An alleged "unfair" practice must be "tethered" to specific "constitutional, statutory, or regulatory provisions."  *Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940 (2003).  Plaintiff fails to plead facts showing that Caliber engaged in any such "unfair" practices.  *See Simila v. American Sterling Bank*, 2010 WL 3988171, *6 (S.D. Cal. Oct. 12, 2010) (dismissing UCL claim on this basis).

Finally, the Complaint fails to plead, with ***particularity***, who, where, and when any employee or agent of Caliber engaged in any conduct violative of the UCL.  *See Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).  Because Plaintiff has not successfully asserted any underlying substantive cause of action or pleaded any statutory violation, Plaintiff has failed to show that Caliber has engaged in unlawful, unfair, or fraudulent business practices. Furthermore, Plaintiff failed to properly plead that any damages have been incurred as a result of any purported violations of the UCL.

### 4.   Plaintiff Fails to State a Claim for Negligence

To state a claim for negligence, a plaintiff must plead: "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach; and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). Absent "special circumstances" a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender. *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006). The same rules apply to a loan servicer. A loan servicer does not owe a duty to the borrower of the loan it is servicing. *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) ("As a servicer of the loan, Saxon does not owe a duty to the borrowers of the loans it services."). Here, Plaintiff has not set forth any facts or special circumstances that would impose a duty of care on Caliber. Plaintiff alleges nothing beyond the ordinary mortgage servicer scheme from which the factual predicate for a fiduciary duty reasonably can be inferred

Regardless of the imposition of duty upon a servicer, the negligence claim fails because "[i]n California, plaintiffs may seek remedies for strict liability and negligence only for physical injury to person or property, not for a pure economic loss." *Cal. Dept. of Toxic Substances v. Payless Cleaners*, 368 F. Supp. 2d 1069, 1084 (E.D. Cal. 2005). A party who only suffers economic harm (not physical harm) may only re-cover damages based on a contractual claim, not based on a tort theory, such as negligence. *See San Francisco Unified Sch. Dist v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1330 (1995) (stating that damages sounding in tort must be for physical harm to persons or property). "Therefore, unless physical injury occurs, a plaintiff cannot state a cause of action for strict liability or

negligence." *Payless Cleaners*, 368 F. Supp. 2d at 1084. Plaintiff's alleged harm arises out of foreclosure activity on Plaintiff's property and is nothing more than alleged economic harm for which a negligence cause of action does not lie.

**5.   Plaintiff Fails to State a Claim for Declaratory and Injunctive Relief**

Plaintiff's final cause of action asserted against Caliber is for declaratory and injunctive relief. Plaintiff cannot state a claim for either.

**a.   Plaintiff has not alleged a cause of action for injunctive relief.**

As an initial matter, injunctive relief is a remedy not a cause of action. 5 Witkin, Cal. Procedure (5th ed.), Pleading, § 822, at 238 ("Injunction is an equitable remedy available to a person aggrieved by certain torts or other wrongful acts[.]"). On this ground alone, the claim fails.

Further, Plaintiff is not entitled to injunctive relief because she does not allege any wrongful conduct or harm by Caliber, let alone facts showing a threat of continuing harm by Caliber. *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 462 (2005) ("Injunctive relief is appropriate only when there is a threat of continuing misconduct."). The complaint contains allegations or theories that are not supported by authority. An injunction is not warranted.

**b.   Plaintiff has not alleged a cause of action for declaratory relief.**

Furthermore, in seeking declaratory relief, a plaintiff must satisfy a two part test under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, demonstrating that a declaratory judgment is appropriate. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). The court must first determine if an actual case or controversy exists; then, the court must decide whether to exercise its jurisdiction to grant the relief requested. *Id*. For declaratory relief, there must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment. *Marin v. Lowe*, 8 F.3d 28

(9th Cir. 1993); *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Unless an actual controversy exists, a court is without power to grant declaratory relief. *Garcia v. Brownell*, 236 F.2d 356, 357-358 (9th Cir. 1956). The mere possibility, even probability, that a person may in the future be adversely affected by official acts not yet threatened does not create an "actual controversy." *Id*. Further, declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1356-57 (9th Cir.1985).

Here, the declaratory relief Plaintiff seeks is entirely commensurate with the relief sought through her other causes of action. Thus, Plaintiff's declaratory relief claim is duplicative and unnecessary. A claim for declaratory relief is "unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Washington Mutual Bank*, 637 F.Supp.2d 700, 707 (N.D. Cal. 2009). In addition, because the contentions underlying Plaintiff's declaratory relief request are without basis in fact or law, she cannot establish an actual present controversy that justifies this remedy. Indeed, the declaratory relief claim is predicated entirely on the failed theories that provide the basis for Plaintiff's other causes of action. Accordingly, there is no real, immediate controversy to adjudicate, and Plaintiff's request for declaratory relief may be dismissed with prejudice.

## D. The Complaint Should Be Dismissed for Failure to Join an Indispensable Party

A party may move pursuant to Rule 12(b)(7) and Rule 19 to dismiss a complaint for failure to join an indispensable party—a party in whose absence the court cannot accord complete relief. *See* Fed. R. Civ. Proc. 19(a).

An action in equity cannot be maintained without the joinder of indispensable parties. *State of California v. State of Arizona, et al.*, 440 U.S. 59 (1979). In actions affecting title, joint property owners are indispensable parties.

1   *See McShan, et al. v. Sherrill, et al.*, 283 F.2d 462, 463-64 (1960) ("[N]o decree can

2   be entered affecting the title to property or cancelling any cloud thereon unless all

3   of the parties interested in the title or in the particular cloud and who will be

4   directly affected by any judgment that may be rendered are properly before the

5   Court.") (citing *Stewart v. United States*, 242 F.2d 49, 51 (1957)); *see also In State*

6   *of Washington v. United States,* 87 F.2d 421 (1936); Fed. R. Civ. Proc. 19(a)(1)(i),

7   (ii) (requiring joinder where the absent party will be unable to protect his or her

8   interest or where the party's absence will leave an existing party "subject to

9   substantial risk of incurring double, multiple, or otherwise inconsistent obligations

10  because of the interest.")

11      This action is one in equity.  Plaintiff seeks to quiet title and for injunctive

12  relief prohibiting Defendants from foreclosure proceedings.  (Complaint ¶ 59.)

13  Plaintiff, however, was not the sole owner or borrower.  Plaintiff and Mr.

14  Bornhauser are also co-borrowers and debtors.  (*See* RJN Ex A.)  Thus, any decree

15  entered as to the state of the loan and the loan's effect on title would affect Mr.

16  Bornhauser's interest.  Mr. Bornhauser is an indispensable party.  Because Plaintiff

17  failed to join him, her First Amended Complaint must be dismissed.

18  **E.    Plaintiff's Complaint Should Be Dismissed Without Leave to Amend**
19         **Because Leave to Amend Would be Futile**

20      Though leave to amend is generally liberally granted, leave to amend here

21  would be futile and a waste of judicial resources. Where a motion to dismiss is

22  granted, a district court should deny leave to amend when it is clear that the

23  complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d

24  1293, 1296 (9th Cir. 1996). Plaintiff's Complaint is completely without merit and

25  contrary to established California law. Plaintiff cannot cure the fatal defects of their

26  Complaint. Plaintiff's Complaint in its entirety should be dismissed without leave

27  to amend.

28

-12-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   CONCLUSION

For the above-stated reasons, Caliber respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety without leave to amend.

DATED: February 16, 2016

**PERKINS COIE LLP**

By: */s/ Aaron R. Goldstein*
Aaron R. Goldstein, Bar No. 239423
AGoldstein@perkinscoie.com

Attorneys for Defendant
CALIBER HOME LOANS, INC.

-13-