David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
Aaron R. Goldstein, Bar No. 239423
AGoldstein@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.843.1284

Attorneys for Defendant
CALIBER HOME LOANS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUZANNE BORNHAUSER,<br><br>                 Plaintiff,<br><br>        v.<br><br>JACKSONVILLE POST CLOSING;<br>BANK OF AMERICA; CALIBER<br>HOME LOANS INC., and DOES 1<br>through 20, inclusive,<br><br>                 Defendants. | Case No. 2:15-CV-09994-JFW (KSx)<br><br>**DEFENDANT CALIBER HOME<br>LOANS, INC.'S ANSWER TO<br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT**<br><br>Hon. Judge John F. Walter |

-1-

1         Defendant CALIBER HOME LOANS, INC. ("Caliber" or "Defendant")

2   hereby answers the Complaint ("Complaint") filed by Plaintiff SUZANNE

3   BORNHAUSER ("Plaintiff") as follows:

4         1.     Defendant lacks sufficient information to form a belief as to the truth

5   or falsity of any other allegations in Paragraph 1 and on that basis denies.

6         2.     The allegations of Paragraph 2 are directed to parties other than

7   Defendant and no response from Defendant is therefore required. To the extent that

8   Paragraph 2 consists of allegations against other defendants, Defendant lacks

9   sufficient information or knowledge upon which to form a belief as to the truth of

10  the allegations contained in Paragraph 2 and therefore denies the allegations on that

11  basis.

12        3.     To the extent that Paragraph 3 of Plaintiff's Complaint consists of

13  conclusions of law, Defendant is not required to respond. Caliber is a corporation

14  incorporated under the laws of the State of Delaware with its principal place of

15  business in the State of Texas, duly authorized to conduct business in California.

16  Defendant denies all other allegations.

17        4.     The allegations of Paragraph 4 are directed to parties other than

18  Defendant and no response from Defendant is therefore required. To the extent that

19  Paragraph 4 consists of allegations against other defendants, Defendant lacks

20  sufficient information or knowledge upon which to form a belief as to the truth of

21  the allegations contained in Paragraph 4 and therefore denies the allegations on that

22  basis.

23        5.     The allegations of Paragraph 5 are directed to parties other than

24  Defendant and no response from Defendant is therefore required. To the extent that

25  Paragraph 5 consists of allegations against other defendants, Defendant lacks

26  sufficient information or knowledge upon which to form a belief as to the truth of

27  the allegations contained in Paragraph 5 and therefore denies the allegations on that

28  basis.

ANSWER TO FIRST AMENDED COMPLAINT
70329-0297/LEGAL130393124.1

6.     The allegations of Paragraph 6 are directed to parties other than Defendant and no response from Defendant is therefore required. To the extent that Paragraph 6 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 6 and therefore denies the allegations on that basis.

7.     Defendant denies the allegations in Paragraph 7 insofar as they allege any conduct by Defendant.  Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 7 and on that basis denies.

8.     Defendant admits that the Complaint speaks for itself.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of any of the other allegations of the paragraph and therefore denies on that basis.

9.     To the extent that Paragraph 9 of Plaintiff's Complaint consists of conclusions of law, Defendant is not required to respond.  To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 9 and on that basis denies.

10.     To the extent that Paragraph 10 of Plaintiff's Complaint consists of conclusions of law, Defendant is not required to respond.  To the extent that Paragraph 10 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies the allegations on that basis.

11.     To the extent that Paragraph 11 of Plaintiff's Complaint consists of conclusions of law, Defendant is not required to respond.  To the extent that Paragraph 11 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the allegations on

that basis.

12.     On information and belief, Defendant admits that certain real property exists at 2104 Glastonbury Road, Westlake Village, California 91361. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations of the paragraph and therefore denies the allegations on that basis.

13.     The allegations of Paragraph 13 are directed to parties other than Defendant and no response from Defendant is therefore required. To the extent that Paragraph 13 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies the allegations on that basis.

14.     The allegations of Paragraph 14 are directed to parties other than Defendant and no response from Defendant is therefore required. To the extent that Paragraph 14 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the allegations on that basis.

15.     The allegations of Paragraph 15 are directed to parties other than Defendant and no response from Defendant is therefore required. To the extent that Paragraph 15 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies the allegations on that basis.

16.     The allegations of Paragraph 16 are directed to parties other than Defendant and no response from Defendant is therefore required. To the extent that Paragraph 16 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of

the allegations contained in Paragraph 16 and therefore denies the allegations on that basis.

17.    The allegations of Paragraph 17 are directed to parties other than Defendant and no response from Defendant is therefore required. To the extent that Paragraph 17 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies the allegations on that basis.

18.    The allegations of Paragraph 18 are directed to parties other than Defendant and no response from Defendant is therefore required. To the extent that Paragraph 18 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies the allegations on that basis.

19.    Caliber admits that it received a loan modification application on or around June 24, 2015.  Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 19 and on that basis denies.

20.    Defendant admits that the Notice of Trustee Sale speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any of the other allegations contained in Paragraph 20 and therefore denies on that basis.

21.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that basis denies.

22.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that basis denies.

23.    Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 23 and on that basis denies.

24.    The allegations of Paragraph 24 are directed to parties other than

Defendant and no response from Defendant is therefore required. To the extent that Paragraph 24 consists of allegations against other defendants, Defendant lacks sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore denies the allegations on that basis.

25.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that basis denies.

26.     Defendant denies that Plaintiff's home was sold at foreclosure on February 11, 2016 and on that basis denies the allegations in Paragraph 26.

27.     In answering Paragraph 27, Defendant incorporates by reference its responses to Paragraphs 1-26 of the Complaint as though fully set forth herein.

28.     Defendant denies the allegations in Paragraph 28 insofar as they allege any conduct by Defendant. Defendant admits that California Civil Code §2923.6(c) speaks for itself. Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 28 and on that basis denies.

29.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 29 and on that basis denies.

30.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 30 and on that basis denies.

31.     Defendant denies the allegations in Paragraph 31 insofar as they allege any conduct by Defendant. Defendant admits that California Civil Code §2923.6(e) speaks for itself. Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 31 and on that basis denies.

32.     To the extent that Paragraph 32 of Plaintiff's Complaint consists of conclusions of law, Defendant is not required to respond. Defendant denies the allegations in Paragraph 32 insofar as they allege any conduct by Defendant.

33.     To the extent that Paragraph 33 of Plaintiff's Complaint consists of conclusions of law, Defendant is not required to respond. Defendant denies the

allegations in Paragraph 33 insofar as they allege any conduct by Defendant.

34.    To the extent that Paragraph 34 of Plaintiff's Complaint consists of conclusions of law, Defendant is not required to respond. Defendant denies the allegations in Paragraph 34 insofar as they allege any conduct by Defendant.

35.    In answering Paragraph 35, Defendant incorporates by reference its responses to Paragraphs 1-34 of the Complaint as though fully set forth herein.

36.    The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 36.

37.    The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 37.

38.    The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 38.

39.    The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 39.

40.    The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 40.

41.    In answering Paragraph 41, Defendant incorporates by reference its responses to Paragraphs 1-40 of the Complaint as though fully set forth herein.

42.    To the extent that Paragraph 42 of Plaintiff's Complaint consists of conclusions of law, Defendant is not required to respond. Defendant denies the allegations in Paragraph 42 insofar as they allege any conduct by Defendant. Defendant admits that Business and Professions Code § 17200 speaks for itself.

43.    To the extent that Paragraph 43 of Plaintiff's Complaint consists of conclusions of law, Defendant is not required to respond. Defendant denies the allegations in Paragraph 43 insofar as they allege any conduct by Defendant.

44.    Defendant denies the allegations in Paragraph 44 insofar as they allege any conduct by Defendant.  To the extent Paragraph 44 contains allegations regarding when Plaintiff received documents, Defendant lacks sufficient

ANSWER TO FIRST AMENDED COMPLAINT
70329-0297/LEGAL130393124.1

information to form a belief as to the truth or falsity of any other allegations in Paragraph 44 and on that basis denies.

45. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 45 and on that basis denies.

46. Answering Paragraph 46 of the Complaint, Defendant denies that it has caused Plaintiff any damages. Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 46 and on that basis denies.

47. Answering Paragraph 47 of the Complaint, Defendant denies that it has caused Plaintiff any damages. Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 47 and on that basis denies.

48. Defendant denies the allegations in Paragraph 48 insofar as they allege any conduct by Defendant.  Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 48 and on that basis denies.

49. Answering Paragraph 49 of the Complaint, Defendant denies that it has caused Plaintiff any damages. Defendant lacks sufficient information to form a belief as to the truth or falsity of any other allegations in Paragraph 49 and on that basis denies.

50. In answering Paragraph 50, Defendant incorporates by reference its responses to Paragraphs 1-49 of the Complaint as though fully set forth herein.

51. The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 51.

52. The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 52.

53. The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 53.

54. The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 54.

55. In answering Paragraph 55, Defendant incorporates by reference its responses to Paragraphs 1-54 of the Complaint as though fully set forth herein.

56. The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 56.

57. The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 57.

58. The Court has ordered this cause of action dismissed (*See* Docket No. [58]); therefore, Defendant is not required to respond to Paragraph 58.

Defendant denies that Plaintiff is entitled to the requested relief.

**AS AND FOR ITS AFFIRMATIVE DEFENSES HEREIN, DEFENDANT ALLEGES AS FOLLOWS:**

## <u>FIRST AFFIRMATIVE DEFENSE</u>

### (Failure to State Facts Sufficient to Constitute a Cause of Action)

The Complaint, and each and every cause of action alleged therein, fails to state facts that, if proven, are sufficient to constitute a cause of action upon which the requested relief may be granted against Defendant.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

### (Failure to Mitigate)

Plaintiff's demand for damages in the Complaint is barred, in whole or in part, because of Plaintiff's failure to act reasonably to mitigate her alleged damages.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of estoppel due to Plaintiff's own acts or omissions.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (No Breach of Duty)

Defendant did not directly or indirectly perform or fail to perform any acts which constitute a violation of any contractual duty or obligation, if any, owed to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Justification)

Defendant was contractually and/or equitably justified in doing and/or omitting to do any and/or all of the acts and/or omissions alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff had actual, implied, and/or constructive knowledge of all acts and/or omissions alleged in the Complaint and, while conscious of those acts and/or omissions, Plaintiff gave her express or implied consent to all such alleged acts and/or omissions.

## NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

The Complaint, and each and every purported cause of action alleged therein, is barred by Plaintiff's taking unnecessary actions which caused her alleged damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (No Causation)

If Plaintiff suffered any damage or injury, such damage or injury was not caused by any acts or omissions of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Ratification)

The Complaint, and each and every purported cause of action alleged therein, is barred by Plaintiff's ratification of the actions allegedly undertaken.

## TWELFTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Complaint, and each and every cause of action alleged therein, is barred because Defendant acted at all times in good faith and with good cause. Defendant's conduct was within the reasonable expectations of the parties, and Defendant at no time acted so as to deprive Plaintiff of any rights or to cause Plaintiff the injuries described in the Complaint, if any exist.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff unreasonably delayed in providing notice and in commencing and prosecuting this action which caused unfair prejudice to Defendant, barring any recovery against Defendant under the equitable doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Answering Defendant alleges that the Complaint is barred by the provisions of Section 1624 of the Civil Code, i.e., the Statute of Frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Answering Defendant alleges that the Complaint is barred by the applicable Statute of Limitations set forth in the California Code of Civil Procedure beginning

1  with Section 331 and continuing through 348 and by Sections 2607(3)(a) and 2725

2  of the Uniform Commercial Code of California.

3  ## SIXTEENTH AFFIRMATIVE DEFENSE

4  ### (Impossibility and Impracticability)

5  Answering Defendant alleges that the Complaint is barred by the Doctrine of

6  Impossibility and Impracticability.

7  ## SEVENTEENTH AFFIRMATIVE DEFENSE

8  ### (Acts and Omissions of Others)

9  Answering Defendant alleges that the incident complained of by Plaintiff in

10  the Complaint was due to the acts and/or omissions of persons and entities other

11  than this Answering Defendant.

12  ## EIGHTEENTH AFFIRMATIVE DEFENSE

13  ### (Intervening and Superseding Cause)

14  Answering Defendant alleges that the injuries and damages sustained by

15  Plaintiff, if any were caused by the intervening and superseding actions of others,

16  which intervening and superseding actions bar and/or diminish Plaintiff's recovery,

17  if any, against answering Defendant.

18  ## NINETEENTH AFFIRMATIVE DEFENSE

19  ### (Adequate Remedy at Law)

20  Defendant is informed and believe, and thereupon allege, that the injunctive

21  and restitution remedies sought under the *Business and Professions Code* § 17200

22  claim are barred in light of the fact that Plaintiff has an adequate remedy at law for

23  damages and rescission.

24  ## TWENTIETH AFFIRMATIVE DEFENSE

25  ### (Substantial Performance)

26  As a further and separate affirmative defense to the Complaint, Defendant

27  alleges that Defendant strictly complied with and/or substantially performed the

28  requirements contained in any alleged agreement with Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Excuse)

As a further and separate affirmative defense to the Complaint, Defendant alleges that Plaintiff breached any agreement alleged in the Complaint, which breach excused Defendant from its duties under said alleged agreement.

## TWENTY- SECOND AFFIRMATIVE DEFENSE

### (Release)

As a further and separate affirmative defense to the Complaint, Defendant alleges that Defendant has been released from any obligations they may have in connection with the events complained of in Plaintiff's Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Comply with Conditions, Covenants, and Promises)

Plaintiff is not entitled to any recovery from Defendant due to Plaintiff's failure to comply with the conditions, covenants and promises that they were required to perform under the alleged agreement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Condition Precedent)

Defendant's alleged failure to perform under the alleged agreement resulted from Plaintiff's failure to perform pursuant to the agreement's relevant terms and conditions, and that performance on Plaintiff's part was a condition precedent to the performance of Defendant's obligations, if any.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Malice)

Defendant is informed and believe, and there upon alleges, that the communications complained of by Plaintiff were made without malice or wrongful intent on the part of Defendant.

-13-

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Defendant is informed and believe, and there upon alleges, that Plaintiff, through her actions, has acquiesced to Defendant, thereby barring her claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Pre-emption)

Defendant alleges that the claims in the Complaint are pre-empted by federal law, as the alleged violations to assert this claim may be regulated by a detailed and comprehensive enforcement scheme established under federal law (i.e., HAMP).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Truth)

Defendant alleges that Defendant's statements regarding title to the property at issue were truthful and not false.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Privileged Publication)

Defendant alleges that Defendant's statements regarding title to the property at issue were published pursuant to *Civil Code§* 47 and therefore privileged.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Publication Made Without Malice)

Defendant alleges that Defendant's statements regarding title to the property at issue were published pursuant to *Civil Code* §47(c) and therefore made without malice.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Notice of Default Valid)

Defendant alleges that the Notice of Default at issue in this lawsuit complies with all applicable provisions of Civil Code §2924 et seq. and is therefore a valid instrument.

ANSWER TO FIRST AMENDED COMPLAINT
70329-0297/LEGAL130393124.1

1

## THIRTY-SECOND AFFIRMATIVE DEFENSE

2

### (Notice of Sale Valid)

3    Defendant alleges that the Notice of Sale at issue in this lawsuit complies

4  with all applicable provisions of Civil Code § 2924 et seq. and is therefore a valid

5  instrument.

6

## THIRTY-THIRD AFFIRMATIVE DEFENSE

7

### (No Damages)

8    Defendant alleges that any recovery based on the allegations in the

9  Complaint will not result in a recovery of damages.

10

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

11

### (Damages Set-Off)

12    Defendant alleges that Plaintiff's damages, if any, are subject to a set-off and

13  any recovery obtained by Plaintiff should be barred and/or reduced according to

14  law, up to and including the whole thereon.

15

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

16

### (Speculative Damages)

17    Defendant alleges that Plaintiff's alleged damages are uncertain, speculative

18  and incapable of measurement.

19

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

20

### (Failure to Name Indispensable Parties)

21    Defendant alleges that parties exist who are subject to service of process, and

22  that the joinder of these parties would not deprive the Court of subject matter

23  jurisdiction, and that such parties' joinder is indispensable and/or necessary to

24  provide complete relief to Plaintiff and/or may adversely affect the obligations, if

25  any, of Defendant, and that Plaintiff, by virtue of her own acts and/or the acts or

26  omissions of others chargeable to it, failed to join all such indispensable parties as

27  defendants to the Complaint.

28

1

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

2

### (Uncertain)

3

Defendant alleges that the Complaint is uncertain and ambiguous.

4

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

5

### (Injury Claimed Attributable to Plaintiff)

6

Defendant alleges that any injury suffered by Plaintiff was caused by the acts,

7

omissions and wrongdoing of Plaintiff, by virtue of her own acts and/or the acts or

8

omissions of others chargeable to him, and not any acts, omissions or wrongdoing

9

of Defendant.

10

## THIRTY-NINTH AFFIRMATIVE DEFENSE

11

### (Injuries and Damages Claimed Attributable to Third Parties)

12

Defendant alleges that any injury suffered by Plaintiff was proximately

13

caused and contributed to by the conduct, acts, omissions and wrongdoing conduct,

14

acts, omissions and/or activities of a third party.

15

## FORTIETH AFFIRMATIVE DEFENSE

16

### (No Willful Misconduct)

17

Defendant alleges that none of the alleged wrongful conduct was done

18

willfully or intentionally by Defendant.

19

## FORTY-FIRST AFFIRMATIVE DEFENSE

20

### (Plaintiff's Lack of Due Diligence)

21

Defendant alleges that any alleged damages were caused by plaintiff's own

22

lack of due diligence and investigation.

23

## FORTY-SECOND AFFIRMATIVE DEFENSE

24

### (Bona Fide Error)

25

Defendant alleges that any wrongful conduct alleged in the Complaint was a

26

result of a bona fide error.

27

28

-16-

## **FORTY-THIRD AFFIRMATIVE DEFENSE**

### **(Past Wrongs or Speculative Dispute)**

Defendant alleges that the Complaint seeks redress for past wrongs or a speculative dispute, which bar Plaintiff from seeking a declaratory judgment.

## **FORTY-FOURTH AFFIRMATIVE DEFENSE**

### **(Irrelevant Standard)**

Defendant alleges that Plaintiff is not a member of the class of person for whose protection the statute, ordinance or regulation referred to in the Complaint was intended.

## **FORTY-FIFTH AFFIRMATIVE DEFENSE**

### **(Failure to Tender)**

Defendant is informed and believe, and there upon allege, that the Complaint is barred because Plaintiff has not tendered, and is unable to tender, the full amount of her indebtedness on the subject loan, including but not limited to the remaining loan balance.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by the Complaint,

2. That Defendant be awarded costs of suit incurred herein, including reasonable attorneys' fees if allowed by contract of statute, and

3. For any such other and further relief as the Court deems just and proper.

DATED: March 31, 2016                              **PERKINS COIE LLP**

By: */s/ Aaron R. Goldstein*
Aaron R. Goldstein, Bar No. 239423
AGoldstein@perkinscoie.com

Attorneys for Defendants
CALIBER HOME LOANS, INC.

-17-