1  David T. Biderman, Bar No. 101577
   DBiderman@perkinscoie.com
2  Aaron R. Goldstein, Bar No. 239423
   AGoldstein@perkinscoie.com
3  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
4  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
5  Facsimile: 310.843.1284

6  Attorneys for Defendant
   CALIBER HOME LOANS, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | SUZANNE BORNHAUSER,              | Case No. 2:15-cv-09994-JFW-KS
12 |              Plaintiff,           | **CALIBER HOME LOANS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
13 |        v.                         |
14 | BANK OF AMERICA, N.A.; CALIBER   | [Filed concurrently with Request for Judicial Notice; Declaration of Jeannette Bochniak; and Declaration of Aaron R. Goldstein]
15 | HOME LOANS INC.; and DOES 1 through 10, inclusive, |
16 |              Defendants.          |
17 |                                   | Date:      Monday, May 16, 2016
18 |                                   | Time:      1:30 p.m.
   |                                   | Courtroom: 16
19 |                                   | Judge:     Hon. John F. Walter
20

21
22
23
24
25
26
27
28

Defendant Caliber Home Loans, Inc. ("Caliber") respectfully submits the following Opposition to Plaintiff Suzanne Bornhauser's Motion for a Preliminary Injunction.

## I.      INTRODUCTION

Plaintiff is a mortgagor in substantial default on a one million dollar home loan secured by real property in Westlake Village, California. Though she has not made a payment in over two (2) years, Plaintiff seeks to enjoin the foreclosure sale that resulted from her default. A preliminary injunction is an extraordinary and drastic remedy that may only be awarded upon a clear showing that the moving party is entitled to relief. A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits and that she is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff here has not made a clear showing that she is entitled to the extraordinary remedies she seeks because her application falls short of demonstrating a likelihood of success on the merits. Plaintiff's motion should be denied.

## II.      STATEMENT OF FACTS

On August 3, 2007, Plaintiff and her husband, Charles Bornhauser, borrowed $1,000,000.00 from Bank of America National Banking Association ("BofA"), which was secured by a Deed of Trust recorded against property located at 2104 Glastonbury Road, Westlake Village, California 91361 (the "Property"). (*See* Request For Judicial Notice ("RJN"), Exh. "A".) The Deed of Trust grants the trustee the power to perform a nonjudicial foreclosure in the event of Plaintiff's default. (*See id* at ¶ 22.)

In November 2013, Plaintiff and her husband (collectively, "Borrowers") fell behind on their monthly payments and defaulted on the note. (Declaration of Jeannette Bochniak ("Bochniak Decl."), ¶ 6.) As a result of the default, nonjudicial foreclosure proceedings commenced. (*Id.*)

1    On September 22, 2014, a Notice of Default was recorded as Borrowers were
2    in arrears in the amount of $64,022.59 on the loan. (RJN, Exh. "B".)

3    On May 16, 2015, the servicing of Borrowers' mortgage loan was transferred
4    from BofA to Caliber. (Bochniak Decl., ¶ 7-8.) Caliber sent Borrowers a "Welcome
5    Letter" on May 26, 2015, confirming the servicing transfer from BofA. (Bochniak
6    Decl., ¶ 8.)

7    Borrowers failed to cure the default on the loan and a Notice of Trustee's
8    Sale was recorded on June 22, 2015. (RJN, Exh. "C".)

9    On June 24, 2014, *after the Notice of Trustee's Sale was recorded*,
10   Borrowers submitted a loan modification application to Caliber. (Complaint ¶ 19;
11   Bochniak Decl., ¶ 10.) Loan servicing business records indicate Borrowers'
12   application was incomplete and Caliber requested that missing documentation be
13   submitted. (Complaint ¶ 21; Bochniak Decl., ¶ 11.) Caliber received the requested
14   missing documentation on, or about, July 1, 2015. (*Id*.) Once complete, Caliber was
15   able to evaluate Borrowers' eligibility for a loan modification .(*Id*.)

16   On July 14, 2015, Caliber sent written correspondence informing Borrowers
17   that their loan modification request was denied. (Complaint ¶ 23; Bochniak Decl., ¶
18   12.) Borrowers never submitted an appeal of Caliber's denial of their request for a
19   loan modification, nor did Borrowers submit any evidence that Caliber's
20   determination was in error. (Bochniak Decl., ¶ 13.) The statutory time for any
21   appeal has long since lapsed.

22   Instead of appealing the modification denial, bringing the loan current, and/or
23   seeking other loss mitigation, Plaintiff undertook a series of fraudulent transfers of
24   the Deed of Trust to avoid imminent foreclosure. (RJN, Exh. "D".) On July 16,
25   2015, an unauthorized Grant Deed in violation of the Deed of Trust was recorded in
26   the Ventura County Recorder's office whereby Plaintiff purported to transfer an
27   interest in the property to a partnership consisting of herself and three other
28   individuals (Victor Barco, Mary J Pedraja, and Octavio Motaas) each holding a

-2-

25% interest as a gift for no consideration or for nominal consideration. (RJN, Exh. "D".) Those third parties then filed for bankruptcy in the Central District of California, attaching the property to the bankruptcy for purposes of obtaining automatic stays of foreclosure proceedings under 11 U.S.C. § 362. (*See* 1:15-bk-12323-MB [Mary Pedraja, filed July 8, 2015] and 2:15-bk-20981-WB [Victor Barco, filed July 10, 2015].) On November 5, 2015, the court Bankruptcy Court granted the noteholder relief from the automatic stay and declared the bankruptcies fraudulent and in bad faith. (RJN, Exh. "E".) Shortly thereafter, on November 15, 2015, the third parties deeded their interests back to Plaintiff—the jig was up. (RJN, Exh. "F".)

In a further effort to stall the foreclosure, Plaintiff filed this action on December 1, 2015. She filed her First Amended Complaint on February 1, 2016, alleging five (5) causes of action; however, after pleading challenges only two (2) causes of action remain against Caliber—Violation of Homeowner's Bill of Rights Cal. Civ. Code § 2923.6 and Violation of California Business & Professions Code § 17200. (*See* Docket No. [58].) BofA has been dismissed in its entirety. (*Id*.)

Plaintiff has not made a mortgage payment since 2013 and her arrears is currently approximately $164,000.00. (Bochniak Decl., ¶ 14.)

### III.   PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

Preliminary injunctions are extreme remedies. Therefore, the power to issue an injunction "must be exercised always with great caution." *See People v. Paramount Citrus Assoc.* 147 Cal. App. 2d 399, 413 (1957). To obtain injunctive relief, Plaintiff must demonstrate two things: (1) a likelihood of prevailing on the merits and (2) irreparable harm for which there is no adequate remedy at law. *See DVD Copy Control Assn. v. Bunner*, 116 Cal. App. 4th 241, 250 (2004); *see also Pacific Decision Sciences Corp. v. Superior Court*, 121 Cal. App. 4th 1100, 1110 (2003) (finding that because injunctions are equitable, they are rarely granted where

-3-

legal damages are available.). The movant bears the burden of establishing all elements necessary for such an extraordinary remedy. *O'Connell v. Superior Court*, 141 Cal. App. 4th 1452, 1481 (2006).

**A.  Plaintiff Has Not Demonstrated With Reasonable Probability That She Will Prevail On The Merits of Her Claims**

Regardless of the balance of harms, absent a *demonstrated* possibility that Plaintiff will prevail on the merits of the claim, a court may not grant a preliminary injunction. *Butt v. California*, 4 Cal.4th 668, 678 (1992) *citing Common Cause v. Board of Supervisors*, 49 Cal.3d 432, 442-43 (1989) ("A trial court may not grant a preliminary injunction, regardless of the balance of interim harm, unless there is some possibility that the plaintiff would ultimately prevail on the merits of the claim.") Clearly, Plaintiff falls short of demonstrating that her claims concerning the non-judicial foreclosure process related to the Property have merit. Therefore, such claims against Caliber cannot support injunctive relief.

**1.  Plaintiff is Unlikely to Prevail on The Merits of Her "Dual Tracking" Cause of Action (Frist Cause)**

Plaintiff makes unsubstantiated, broad sweeping allegations that Caliber violated the Homeowner's Bill of Rights' ("HBOR") "dual tracking" provision codified in Cal. Civ. Code § 2923.6(c). Plaintiff's primary, if not entire, argument is that Caliber failed to provide her with a written denial of her loan modification and, thus, is not entitled to foreclose. Not only is this factually inaccurate, it directly contradicts Plaintiff's own allegations in the Complaint. (*See* Complaint ¶ 23). As further explained below, no dual tracking occurred here.

The HBOR precludes a mortgage servicer from dual tracking, in other words, proceeding with foreclosure while reviewing a borrower for a loan modification. A servicer may not record a notice of default or notice of sale or complete a trustee's sale if a borrower has submitted a complete application for a first lien loan modification and if the complete first lien loan modification application is still

-4-

1  pending (*e.g.* where the servicer has not provided a written denial). Civ. Code §
2  2923.6(c). Once a servicer provides written denial of the loan modification and the
3  time to appeal the loan modification decision expires, a servicer may recommence
4  foreclosure. *See* Civ. Code § 2923.6(c)(1) (a servicer shall not proceed with or
5  complete a foreclosure sale until "the mortgage servicer makes a written
6  determination that the borrower is not eligible for a first lien loan modification, and
7  any appeal period pursuant to subdivision (d) has expired."). Civ. Code § 2923.6(d)
8  affords a borrower thirty days to appeal an adverse modification decision.

9       As a preliminary issue, Plaintiff alleges she submitted a loan modification
10  application on June 24, 2015, after the servicing rights transferred to Caliber.
11  Caliber's records confirm a submission of a loan modification package on this date;
12  however, it is critical to the discussion to emphasize that this submission is ***after*** the
13  June 22, 2015 Notice of Trustee's Sale was recorded. (Complaint ¶ 19; Bochniak
14  Decl., ¶ 10.) Whether Plaintiff "received" the Notice of Trustee's Sale after the loan
15  modification is irrelevant for determining a violation of section 2923.6. The plain
16  language of the statute only speaks of "recording" an instrument or "conducting" a
17  sale while a complete loan modification application is pending review. *See* Civ.
18  Code § 2923.6(c) ("shall not ***record***"…"or ***conduct***"). Where, as here, the language
19  of a statute is clear, its plain meaning should be followed. *Great Lakes Properties,*
20  *Inc. v. City of El Segundo*, 19 Cal.3d 152,155 (1974); *Kizer v. Hanna*, 48 Cal.3d 1,
21  8 (1989). Clearly, a "complete first lien loan modification application" was never
22  received, let alone pending review, when Caliber recorded the June 22, 2015 Notice
23  of Trustee's Sale. Additionally, Plaintiff's application was not even complete until
24  missing information was submitted on July 1, 2015. (Bochniak Decl., ¶ 11.) Finally,
25  and noteworthy, Caliber still, to this date, has not conducted a sale. Thus, Plaintiff
26  is unable to show any dual tracking in relation to recordation of the Notice of
27  Trustee's Sale.
28

1    Next, Plaintiff claims in her motion, somewhat confusingly and entirely

2  contradictory to both the Complaint and other parts of the Motion, that she never

3  received a denial letter from Caliber and is "unaware of the status of her loan

4  modification." (*See* Motion at 3:9-14, 4:16-19.) Not only does this contradict the

5  allegations in the Complaint, ¶ 23, it is incorrect, wholly conclusory, and factually

6  unsupported. As demonstrated, Caliber sent a written denial letter on July 14, 2015,

7  informing Borrowers that their loan modification request was denied. (Complaint ¶

8  23; Bochniak Decl., ¶ 12.) As no Trustee's Sale has occurred, and almost 300 days

9  have passed since the denial letter was sent, Plaintiff is unable to show any material

10 violation of the "dual tracking" statute. Moreover, Caliber has no record that

11 Plaintiff ever appealed the denial. (Bochniak Decl., ¶ 13.) Plaintiff confirms this

12 very fact in her motion when she states, "Plaintiff has not even received a written

13 denial thus he [sic] has never had the opportunity to appeal during an appeal

14 period." (*See* Motion at 7:7-9.) Plaintiff offers no evidence of any appeal following

15 Caliber's denial letter, let alone any factual support as to the contents of any appeal

16 and whether an appeal would have warranted a change of a decision on the part of

17 Caliber. Plaintiff bears the burden of establishing her entitlement to injunction

18 based on an HBOR violation, and here she has completely failed to proffer any

19 evidence that would establish a likelihood of success on the merits. *O'Connell,* 141

20 Cal. App. 4th at 1481.

21    Civil Code § 2923.12(a) authorizes a court to provide injunctive relief only

22 "to enjoin a *material* violation of" various HBOR statutes (emphasis added). As

23 shown above, Caliber has not violated HBOR. Plaintiff has failed to demonstrate

24 any "dual tracking" violation by Caliber, let alone showing any chance of

25 succeeding on the merits of such a claim.

26

27

28

1
2

    **2.**    **Plaintiffs Are Unlikely to Prevail on The Merits of Their Violation of Bus. & Prof. Code § 17200 Cause of Action (Third Cause)**

3
4
5
6
7
8

      Plaintiffs' third cause of action is for violation of Cal. Bus. Prof. Code § 17200 ("UCL"). To state a claim under the UCL, Plaintiffs must allege that a given defendant engaged in an "unlawful, unfair or fraudulent business act or practice" as a result of which Plaintiff[s] suffered an "injury in fact" and "lost money or property." *See* Bus. & Prof. Code § 17204; *Bernardo v. Planned Parenthood Fed. of America*, 115 Cal. App. 4th 322 (2004).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

      A UCL claim is predicated entirely upon a violation of another statutory or common law. Thus, a UCL claim stands or falls "depending on the fate of antecedent substantive causes of action." *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001). Plaintiffs predicate their UCL claim on the same allegations and theories which fail to state any other viable legal claim and which fail to allege any wrongdoing as to Caliber. Because Plaintiff's "dual tracking" claim fails, so too must her claim under the "unlawful" prong of the UCL. *See Krantz v. BT Visual Images, LLC*, 89 Cal. App. 4th 164, 178 (2001) ("unlawful" prong requires underlying violation of law). Plaintiffs similarly fail to allege UCL violations under either the "unfair" or "fraudulent" prongs of the UCL, as the "unfair" claim is not adequately tethered to specific "constitutional, statutory, or regulatory provisions." *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 940 (2003). Likewise, the "fraudulent" claim is not pled with *particularity*—who, where, and when any employee or agent of Caliber engaged in any conduct violative of the UCL. *See Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993); *see also Emery v. Visa Int'l Serv. Ass'n*, 95 Cal.App.4th 952, 960 (2002). Plaintiff's assertions of wrongdoing, or complete lack thereof as to Caliber, are wholly insufficient.

26
27
28

      Lastly, a plaintiff has standing to bring a UCL claim if he or she is "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. Prof. Code § 17204. A plaintiff must also show a

causal connection between the UCL violation and his injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010). Here, Plaintiff does not have standing because she has not alleged a loss of money or property caused by Caliber's conduct. Nor can she because the foreclosure sale has not occurred. A loan servicer's denial of a loan modification is not the cause of Plaintiff's financial hardship—Plaintiff has no right to a modification, *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010), and her own inability to meet her obligations appear to be the cause of her injury. As such, Plaintiff's UCL claim fails as a matter of law.

### 3.    The Court Must Ignore Plaintiff's Motion As to Claims and Defendants Which Have Been Dismissed

As stated above, BofA has been dismissed and only two causes of action remain against Caliber. (*See* Docket No. [58].) Plaintiff's discussion of claims dismissed with prejudice cannot support any issuance of a preliminary injunction, because by operation of law, they have a zero percent chance of success on the merits.

### B.    No Irreparable Harm Because Plaintiff Has An Adequate Remedy At Law

Plaintiff is not entitled to injunctive relief unless she can show there is no adequate remedy at law. *See DVD Copy Control Assn. v. Bunner*, 116 Cal. App. 4th 241, 250 (2004). A borrower who cures her default is entitled to cancellation of the foreclosure proceedings and reinstatement of the loan. Civ. Code § 2924b(h)(2). The law, therefore, adequately protects Plaintiff and affords Plaintiff the relief sought in her moving papers. Rather than cure her default, Plaintiff instead filed suit (after fraudulent bankruptcy filings and delay tactics failed) seeking to bypass her contractual obligations. Plaintiff asks this Court to do equity while withholding hers. Because nonjudicial foreclosure statutes provide procedural safeguards to borrowers who wish to prevent a foreclosure proceeding, Plaintiff is not entitled to an injunction.

-8-

## IV.   IN THE ALTERNATIVE, A BOND IS REQUIRED

In the event the Court is inclined to grant a preliminary injunction, a bond or cash deposit is required before it can be enforced. *See* Cal. Civ. Proc. Code § 529; 995.710; *Abba Rubber Co. v. Seaquist*, 235 Cal. App. 3d 1, 10 (1994). The purpose for the bond is to cover any damages caused to Caliber by the issuance of the injunction, including costs of a trial. The bond must specify the full extent of the exposure, including attorney's fees. *See Lawrence Tractor Co., Inc. v. Carlisle Ins. Co.*, 202 Cal. App. 3d 949, 955-56 (1988). In the context of injunctions to prevent a foreclosure sale, if an injunction is wrongfully issued, the lender may recover damages caused by the delay including attorneys' fees, expenses to protect the property, interest on the unpaid principal, delinquency charges, loss of rental income, and decline in fair market value lost. *Surety Sav. & Loan Ass'n v. Nat'l Automobile & Cas. Ins. Co.*, 8 Cal. App. 3d 752, 757 (1970).

In an action such as this, it is reasonable to assume that the litigation may take up to one year to be completed. Assuming a one-year time frame, Caliber requests a bond in the following amount to protect its interests:

(1)   One year's interest on the Loan's balance of $1,133,831.24 (*See* RJN, Exh. "C" for the current approximate unpaid principal balance of the Loan, pursuant to the Notice of Trustee's Sale), at the legal rate of interest (10%), for an aggregate total of $113,383.00; *plus*

(2)   Property taxes for one year on the Loan's balance of $1,133,831.24 (*See* RJN, Exh. "C"), at the nominal tax rate (1%), for an aggregate total of $11,338.00; *plus*

(3)   If this matter goes to trial, Caliber's attorney's fees and expenses will be approximately $75,000.00-$100,000.00. (Goldstein Decl., ¶ 2.) This estimate includes propounding and responding to discovery, depositions, a motion for summary judgment, pre-trial motion work, and a jury trial.

Based on the foregoing, if the court is not inclined to expunge the Notice of Pendency of Action, Caliber requests that Plaintiff post an undertaking in the amount of $224,721.00, equaling the sums of Caliber's anticipated loss over one year's time, as a condition of maintaining the preliminary injunction. Unless the Court requires Plaintiff to post a substantial bond, she will continue to achieve her goal of maintaining possession of the Property without making any payments on her mortgage loan and will escape paying for the damages caused by her unwarranted lawsuit.

## V.    CONCLUSION

For the reasons discussed above, Caliber respectfully requests that the court deny Plaintiff's motion for a preliminary injunction. However, if this court is inclined to grant a preliminary injunction, Caliber requests that the court order Plaintiff to post an undertaking in the amount of at least $224,721.00.

DATED: April 22, 2016

**PERKINS COIE** LLP

By: /s/ Aaron R. Goldstein
    Aaron R. Goldstein, Bar No. 239423
    AGoldstein@perkinscoie.com

Attorneys for Defendant
CALIBER HOME LOANS, INC.